KATHY BAZOIAN PHELPS (SBN 155564)
*kphelps@raineslaw.com*
DAVID CASTLEMAN (SBN 326812)
*dcastleman@raineslaw.com*
RAINES FELDMAN LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100

*Counsel for Bradley D. Sharp,
Permanent Receiver*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY D. SHARP, as the Permanent Receiver for the Estate of DIRECT LENDING INVESTMENTS, LLC, DIRECT LENDING INCOME FUND, L.P., DIRECT LENDING INCOME FEEDER FUND, LTD., DLI CAPITAL, INC., DLI LENDING AGENT, LLC AND DLI ASSETS BRAVO, LLC AND THEIR SUCCESSORS, SUBSIDIARIES, AND AFFILIATED ENTITIES,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA BAER, *in her capacity as* Personal Representative of the ESTATE OF PETER BAER; and CHRISTINA BAER, *in her capacity as* Trustee of the BAER LIVING TRUST UTD 5/10/95,<br><br>Defendant. | Case No. 2:22-cv-01734<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT (PERSONAL GUARANTY OF LOAN AND SECURITY AGREEMENT)**<br><br>2. **BREACH OF CONTRACT (PERSONAL GUARANTY OF CREDIT AGREEMENT)** |

Bradley D. Sharp, the Court-appointed permanent receiver ("Plaintiff" or the "Receiver") for the estate of Direct Lending Investments, LLC ("DLI"), Direct Lending Income Fund, L.P. ("DLIF"), Direct Lending Income Feeder Fund, Ltd. ("DLIFF"), DLI Capital, Inc., DLI Lending Agent, LLC, ("DLILA"), DLI Assets Bravo LLC, and their successors, subsidiaries, and affiliated entities (collectively, the "Receivership Entities"), hereby alleges and complains against Defendant Christina Baer, sued both in her capacity as Personal Representative of the Estate of Peter Baer (the "Baer Estate") and in her capacity as the Trustee of the Baer Living Trust UTD 5/10/95 (the "Baer Trust"), as follows:

## NATURE OF CASE

1. This is an action by Bradley D. Sharp, as the Court-appointed Permanent Receiver for the Receivership Entities, against the Baer Estate and the Baer Trust for breaches of two different guaranties to two different Receivership Entities that lent hundreds of millions of dollars to companies controlled by Peter Baer pursuant to two different underlying credit agreements. These guaranties were entered into at the same time as the underlying credit agreements, and the existence of each was a crucial element in DLIF and DLILA's decisions to enter into those agreements.

2. The first guaranty was made by Peter Baer on July 31, 2015, for loans made to DLI Properties, LLC ("DLIP") by DLIF (the "DLIP Guaranty"), based upon a July 31, 2015 Loan and Security Agreement between DLIF and DLI Properties, LLC, as amended (the "DLIP Credit Agreement"). Peter Baer breached the DLIP Guaranty by failing to pay the outstanding balance due on loans made pursuant to the DLIP Credit Agreement, in the amount of not less than principal of $97,855,312 and all accrued interest including $74,916,050 as of February 28, 2022, with interest continuing to accrue.

3. The second guaranty was made by Peter Baer and the Baer Trust on

May 30, 2017, for loans made to Liberty Fund, LLC ("Liberty")[1] by lenders using DLILA as their administrative agent (the "Liberty Fund Guaranty"), based upon a May 30, 2017 Credit Agreement, as amended, among Liberty, Strategic DLI Holdings, Inc. (another Baer company), DLILA, and the lenders (the "Liberty Credit Agreement"). Peter Baer and the Baer Trust have breached the Liberty Fund Guaranty by failing to pay the outstanding balance due on loans made under the Liberty Credit Agreement, in an amount of not less than principal of $60,209,103 and all accrued interest including $34,521,052 through February 28, 2022, with interest continuing to accrue, plus an additional $8 million in liquidated damages.

4. Peter Baer passed away on April 4, 2021, and his estate is in probate in the Los Angeles Superior Court, with his widow Christina Baer serving as personal representative. Christina Baer is also the sole remaining trustee of the Baer Trust. Plaintiff duly filed a claim in probate on November 17, 2021, which was deemed rejected on December 17, 2021, less than 90 days before the filing of this Action.

## THE PARTIES

5. Plaintiff Bradley D. Sharp is the Court-appointed Permanent Receiver for the Receivership Entities, pursuant to an order entered April 1, 2019. The Receiver is authorized by order of the United States District Court for the Central District of California to marshal and liquidate the assets of the Receivership Entities, and is empowered to investigate claims and commence legal actions for the benefit and on behalf of the Receivership Entities as the Receiver deems necessary and appropriate. The Receiver brings this action for the benefit and on behalf of DLILA, DLIF, and DLI, as described below.

---

[1] The Liberty Fund Guaranty used the old name of Liberty, Strategic Acquisitions, LLC, which was changed to Liberty Fund, LLC on June 12, 2017.

6. Peter Baer was an individual and a resident of Los Angeles County in the State of California, who is now deceased. Peter Baer was a trustee of the Baer Living Trust UTD 5/10/95.

7. Christina Baer is the executor of the estate of her deceased husband Peter Baer (the "Baer Estate"). She filed a petition to probate Peter Baer's estate in the Superior Court for the County of Los Angeles (the "Probate Court") on May 26, 2021, Los Angeles Superior Court Case No. 21STPB05197. The Court appointed Christina Baer as the Personal Representative of the Estate of Peter Baer on July 8, 2021. On August 23, 2021, letters testamentary were issued by the Probate Court to Christina Baer as personal representative of the Estate of Peter Baer. Christina Baer is also the sole remaining trustee of the Baer Living Trust UTD 5/10/95.

8. The Baer Living Trust UTD 5/10/95 (the "Baer Trust") was an inter vivos trust created for the benefit of Peter Baer and Christina Baer, for which Peter Baer and Christina Baer served as co-trustees. Christina Baer is the sole remaining trustee of the Baer Trust.

## RELATED PARTIES

9. DLI was a registered investment advisor, and the general partner of DLI Capital, Inc. (the "Master Fund"), and was responsible for the investment of the Master Fund's assets. DLI employed a complex master-feeder fund structure and was the investment manager of the feeder funds, namely, DLIF and DLIFF. DLI's principal place of business was in Glendale, California. DLI's sole member was Brendan Ross. On March 22, 2019, the SEC filed a complaint against DLI alleging various violations of the Securities Act of 1933, Securities Exchange Act of 1934, and the Investment Advisers Act of 1940. On April 1, 2019, at the request of the SEC, the Receiver was appointed by the United States District Court for the Central District of California.

10. DLIF was organized as a Delaware limited partnership on September 21, 2012 to operate as a private investment partnership. DLI was the general partner of DLIF, and Brendan Ross was the Chief Executive Officer of DLIF. A number of the limited partners of DLIF reside in the State of California, in Los Angeles County. DLIF is a Receivership Entity.

11. DLI Capital, Inc. is a Nevada Corporation with its principal place of business in Glendale, California. DLI Capital, Inc. is a Receivership Entity.

12. DLIFF is a Cayman Islands company that was formed to facilitate investments in the Master Fund from non-United States domiciled investors. DLIFF is a Receivership Entity that is also being jointly administered in the Cayman Islands by the Receiver and other liquidators.

13. DLIF and DLIFF, directed by DLI, invested in a combination of loans and equity in the Master Fund. DLI Capital, Inc., directed by DLI, also invested in investments through DLI Assets, LLC, a Nevada limited liability company, DLI Assets Bravo LLC, a Nevada limited liability company, and DLI TC, LLC, a Delaware limited liability company, all of which are Receivership Entities.

14. DLILA is a Delaware limited liability company that served as administrative agent with respect to a number of the credit facilities with counterparties in which DLI invested, facilitating the collection of payments, and serving as intermediary between borrowers and lenders. DLILA is a Receivership Entity.

15. Brendan Ross, an individual residing in the County of Los Angeles, was the founder, 100% owner, managing member, and Chief Executive Officer of DLI, and a member of the board of directors. Ross has since been removed from his position in DLI, and the Receiver has been empowered duly appointed as the permanent receiver of DLI.

16.     DLIP is a limited liability company organized under the laws of California formed by Peter Baer, and whose sole member was Peter Baer, for the purpose of receiving investments by DLI-managed entities and reinvesting those funds in enterprises managed by the Baer family. DLIP is *not* a Receivership Entity, nor was it controlled by DLI.

17.     Liberty, f/k/a Strategic Acquisitions, LLC, is a limited liability company organized under the laws of Delaware formed by Peter Baer for the purpose of receiving investments by DLI-managed entities and reinvesting those funds in enterprises managed by the Baer family. Liberty is *not* a Receivership Entity, nor was it controlled by DLI.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this proceeding under 15 U.S.C. § 77v(a), and 15 U.S.C. § 78aa because the proceeding is ancillary to the case *Securities and Exchange Commission vs. Direct Lending Investments, LLC*, presently pending before the United States District Court as Case No. 2:19-cv-2188-DSF-MRW.

19.     On November 17, 2021, Plaintiff filed and served a Creditor's Claim in the Probate Court for breach of the DLIP Guaranty and the Liberty Fund Guaranty (the "Probate Claim"). Those claims are the same claims that are the subject of this lawsuit as against the Baer Estate.

20.     No response was made within 30 days, or since, which by operation of law may deem the claim rejected pursuant to Cal. Prob. Code § 9256 ("If within 30 days after a claim is filed the personal representative or the court or judge has refused or neglected to act on the claim, the refusal or neglect may, at the option of the creditor, be deemed equivalent to giving a notice of rejection on the 30th day."). Plaintiff so exercises such option, such that notice of rejection of the Probate Claim was deemed to be given on December 17, 2021, less than

90 days before the filing of this Complaint. The filing of this Complaint therefore complies with the requirements set forth in Cal. Prob. Code §§ 9351 & 9353.

21. This Action does not fall into the probate exception to federal jurisdiction outlined by the Supreme Court in *Marshall v. Marshall*, 547 U.S. 293 (2006), because it does not seek (a) to probate or annul Peter Baer's will, (b) to administer the Baer Estate, or (c) to assume in rem jurisdiction over property that is in the custody of the Probate Court.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Mr. Baer was a resident of this judicial district, and Mr. Baer's estate will be probated in this judicial district. Moreover, the acts and conduct that form the basis of Plaintiff's causes of action occurred when Mr. Baer entered into the two guaranty agreements as well as when he breached his obligations under such agreements.

## FACTUAL ALLEGATIONS

23. DLI is a limited liability company formed in 2012 under the laws of the State of California, with its principal office in Glendale, California. It was a registered investment advisor with the Securities and Exchange Commission ("SEC") whose initial investment focus was stated to be on buying loans, participating in loans, and owning credit facilities and other structures where loans and other assets served as collateral.

24. During the relevant period, DLI advised a private fund structure comprised of two Feeder Funds that invested in various lending platforms. DLILA and DLIF were part of the private fund structure.

*The DLIP Guaranty*

25. On July 31, 2015, DLIF (the DLI entity) entered into the DLIP Credit Agreement with DLIP (the Baer entity), whereby DLIF agreed to loan up to $100,000,000 to DLIP. A true and correct copy of the DLIP Credit Agreement

is attached hereto as Exhibit 1 and incorporated into this Complaint by reference.

26. The DLIP Guaranty, also dated as of July 31, 2015, was entered into by Peter Baer as Guarantor, for the benefit of DLIF. By this written contract, Peter Baer unconditionally and irrevocably guaranteed to pay to DLIF all sums due under the DLIP Credit Agreement if for any reason any sums due under the DLIP Credit Agreement with DLIP were not repaid when due, including reasonable costs and expenses associated with enforcement of the DLIP Guaranty. By its terms, the DLIP Guaranty is an unconditional guaranty of performance and of payment and remains in full force and effect until the sums loaned have been repaid or satisfied in full. A true and correct copy of the DLIP Guaranty is attached hereto as Exhibit 2 and incorporated into this Complaint by reference.

27. Under the DLIP Credit Agreement, DLIP borrowed significant sums from DLIF, eventually defaulting by failing to pay the required sums when due. DLIP has breached the DLIP Credit Agreement by failing to pay the sums due thereunder. A notice of default letter was sent to DLIP on July 26, 2019.

28. As of February 28, 2022, DLIP's outstanding financial obligation under the DLIP Credit Agreement totals $97,855,312 plus interest and attorneys' fees.

29. As a proximate result of the breach of the DLIP Credit Agreement by DLIP, DLIF, and certain of the Receivership Entities over which the Receiver has been appointed to act have been damaged in the principal sum of $97,855,312, together with interest thereon at the legal rate including but not limited to interest of $74,916,050 through February 28, 2022, with interest continuing to accrue.

30. Section 4.3 of the DLIP Guaranty also provides for reimbursement of all attorneys' fees and other enforcement expenses.

31. DLIF, and certain of the Receivership Entities over which the Receiver has been appointed to act have performed all terms and conditions required to be performed under the DLIP Credit Agreement except those that may have been excused by virtue of the breach of DLIP.

32. DLIP has breached the DLIP Credit Agreement, as set forth above, entitling DLIF and the Receiver to proceed against Mr. Baer's estate on the DLIP Guaranty.

33. Pursuant to Section 5.1 of the DLIP Guaranty, on February 1, 2021, DLIF, through the Receiver, demanded that Peter Baer satisfy his guaranty obligations and pay the true and correct amount owed under the DLIP Credit Agreement and transaction documents: $99,510,252 of principal owing as of December 31, 2020 plus interest and attorneys' fees owing as of that time. A true and correct copy of that demand letter is attached hereto as Exhibit 3.

34. Neither Mr. Baer (prior to his death) nor the Baer Estate (after his death) have paid any of the amounts due to DLIF, including but not limited to loss of principal, interest, and attorney fees. Nor has the Baer Estate responded to the Probate Claim, which is now deemed to be rejected by operation of law pursuant to Cal. Prob. Code § 9256. This failure to pay any of the amounts owing under the DLIP Guaranty constitutes a breach of the DLIP Guaranty by the Baer Estate.

**The Liberty Fund Guaranty**

35. On May 30, 2017, DLILA entered into the Liberty Credit Agreement with Liberty (then known as Strategic Acquisitions, LLC) as borrower, and other parties. Under the terms of the Liberty Credit Agreement, the lenders thereunder agreed to make loans to borrower. A true and correct copy of the Liberty Credit Agreement is attached hereto as Exhibit 4 and incorporated into this Complaint by reference.

36. The Liberty Fund Guaranty, also dated as of May 30, 2017, was entered into by Peter Baer and the Baer Trust as Guarantors, for the benefit of DLILA in its capacity as administrative agent, and the lenders party to the Liberty Credit Agreement. By the terms of the Liberty Fund Guaranty, Peter Baer and the Baer Trust personally unconditionally and irrevocably guaranteed to the lenders timely and complete payment, fulfillment, and performance, as and when the same shall be due and payable, all obligations of borrower under the Loan Documents and all sums due under the Liberty Credit Agreement. A true and correct copy of the Liberty Fund Guaranty is attached hereto as Exhibit 5 and incorporated by reference into this Complaint.

37. Under the Liberty Credit Agreement, Liberty Fund borrowed significant sums from DLILA, eventually defaulting by failing to pay the required sums when due. Liberty Fund has breached the Liberty Credit Agreement by failing to pay to DLILA the sums due thereunder. A notice of default letter was sent to Liberty Fund on July 26, 2019.

38. As of February 28, 2022, Liberty Fund's outstanding financial obligation under the Liberty Credit Agreement totals principal owing of $60,209,103 plus interest, attorneys' fees, and liquidated damages.

39. As a proximate result of the breach of the Liberty Credit Agreement by Liberty, DLILA and certain of the Receivership Entities have been damaged in the principal sum of $60,209,103, together with interest thereon at the legal rate including interest of $34,521,052 through February 28, 2022, with interest continuing to accrue.

40. Reimbursement of all attorneys' fees and other enforcement expenses are also due under the Liberty Fund Guaranty as set forth in section 6.3 thereof.

41. Section 6.3 of the Liberty Fund Guaranty additionally provides for

payment of liquidated damages of $8 million (the "Liquidated Damages") in addition to the other Guaranteed Obligations set forth in the Liberty Fund Guaranty. Section 6.3 expressly provides that the Liquidated Damages amount "is not a penalty but is a reasonable estimate of the damages." The refusal to satisfy the guaranteed obligations timely has deprived the guaranteed parties of investment opportunities or other productive uses for such funds had the guaranteed obligations been satisfied. The amount of Liquidated Damages, in addition to the other obligations, is reasonably related to the harm suffered by lenders.

42. DLILA and certain of the Receivership Entities have performed all terms and conditions required to be performed under the Liberty Credit Agreement except those that may have been excused by virtue of the breach of Liberty Fund.

43. Liberty Fund has breached the Liberty Credit Agreement, as set forth above, entitling DLILA and the Receiver to proceed against Mr. Baer's estate on the Liberty Fund Guaranty.

44. Pursuant to Section 6.2 of the Liberty Fund Guaranty, on February 1, 2021, DLILA, through the Receiver, demanded that Peter Baer and the Baer Trust satisfy their guaranty obligations and pay the true and correct amount owed: $64,550,735 principal owing as of December 31, 2020. A true and correct copy of that demand letter is attached hereto as Exhibit 6.

45. None of Mr. Baer (prior to his death), the Baer Estate (after his death), or the Baer Trust have paid any of the amounts due to DLILA, including but not limited to loss of principal, interest, attorney fees, and liquidated damages. Nor has the Baer Estate responded to the Probate Claim, which is now deemed to be rejected by operation of law pursuant to Cal. Prob. Code § 9256. The failure to pay any of the amounts owing under the Liberty Fund Guaranty

Case No. 2:22-cv-01734    COMPLAINT

constitutes a breach of the Liberty Fund Guaranty by the Baer Estate and the Baer Trust.

45. Wherefore, the Receiver now pleads and asserts the following claims on behalf of the Receivership Entities, specifically, DLILA and DLIF:

### FIRST CAUSE OF ACTION
### Breach of the DLIP Guaranty
### (Against Defendant Christina Baer, as Personal Representative of the Baer Estate)

46. Plaintiff repeats and incorporates by reference each of the prior allegations in this Complaint, as set forth above.

47. Pursuant to the DLIP Guaranty, Peter Baer agreed to guarantee unconditionally and irrevocably all sums due under the DLIP Credit Agreement.

48. Before Peter Baer's death, and in material breach of the DLIP Guaranty, Peter Baer failed to pay Plaintiff the outstanding amounts owed under the DLIP Guaranty.

49. After Peter Baer's death, the Baer Estate succeeded to the DLIP Guaranty and refused to pay Plaintiff the outstanding amounts owed under the DLIP Guaranty.

50. In contrast, at all times relevant hereto, Plaintiff has performed all conditions, covenants, and promises, if any, required on its part to be performed in accordance with the DLIP Guaranty.

51. As a result of the Baer Estate's material breach of the DLIP Guaranty, Plaintiff has been damaged in an amount to be determined according to proof at trial, but not less than principal of $97,855,312 plus interest of $74,916,050 through February 28, 2022, plus further prejudgment interest at the legal rate.

52. Pursuant to the DLIP Guaranty, the Baer Estate also owes Plaintiff

all costs of enforcement and collection, including reasonable attorneys' fees.

53. The Receiver timely submitted a claim to the Probate Court relating to the liability arising from the DLIP Guaranty, and that claim was deemed to be rejected by operation of law pursuant to California Probate Code § 9256.

54. Adjudication of this claim does not require the Court (a) to probate or annul Peter Baer's will, (b) to administer the Baer Estate, or (c) to assume in rem jurisdiction over property that is in the custody of the Probate Court.

55. The Receiver is entitled to damages from the Baer Estate in the amount of not less than $172,771,362, with interest as provided by law from February 28, 2022, plus reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### Breach of the Liberty Fund Guaranty

**(Against Defendant Christina Baer, as Personal Representative of the Baer Estate; and Christina Baer, as trustee for the Baer Trust)**

56. Plaintiff repeats and incorporates by reference each of the prior allegations in this Complaint, as set forth above.

57. Pursuant to the Liberty Fund Guaranty, Peter Baer and the Baer Trust agreed to guarantee unconditionally and irrevocably all sums due under the Liberty Credit Agreement.

58. Before Peter Baer's death, and in material breach of the Liberty Fund Guaranty, Peter Baer failed to pay Plaintiff the outstanding amounts owed under the Liberty Fund Guaranty.

59. After Peter Baer's death, the Baer Estate succeeded to the Liberty Fund Guaranty and refused to pay Plaintiff the outstanding amounts owed under the Liberty Fund Guaranty.

60. To date, and in material breach of the Liberty Fund Guaranty, the Baer Estate has failed to pay Plaintiff the outstanding amounts owed under the

Liberty Fund Guaranty.

61. In contrast, at all times relevant hereto, Plaintiff has performed all conditions, covenants, and promises, if any, required on its part to be performed in accordance with the Liberty Fund Guaranty.

62. As a result of the material breach of the Liberty Fund Guaranty by Mr. Baer, individually, Plaintiff has been damaged in an amount to be determined according to proof at trial, but not less than $60,209,103, plus interest of $34,521,052 through February 28, 2022, plus further prejudgment interest at the legal rate.

63. Pursuant to the Liberty Fund Guaranty, Mr. Baer, individually, also owes Plaintiff all costs of enforcement and collection, including reasonable attorneys' fees.

64. Pursuant to section 6.3 of the Liberty Fund Guaranty, the Baer Estate and the Baer Trust are required to pay liquidated damages in the sum of $8 million. Those damages are not a penalty and are reasonably related to the additional damages suffered by Plaintiff, including but not limited to the inability of the Receiver to distribute that money to valid claimants of the Receivership and of those claimants to put that money to productive use.

65. The Receiver timely submitted a claim to the Probate Court relating to the liability arising from the DLIP Guaranty, and that claim was deemed to be rejected by operation of law pursuant to California Probate Code § 9256.

66. Adjudication of this claim does not require the Court (a) to probate or annul Peter Baer's will, (b) to administer the Baer Estate, or (c) to assume in rem jurisdiction over property that is in the custody of the Probate Court.

67. The Receiver is entitled to damages from the Baer Estate and the Baer Trust in the amount of no less than $102,730,155, with interest as provided by law from February 28, 2022, plus reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Christina Baer, in her capacities as Personal Representative of the Baer Estate and as trustee of the Baer Trust, as appropriate to the claims, and specifically for relief as follows:

1. As to the First Cause of Action against Defendant Christina Baer, as Personal Representative of the Baer Estate, for compensatory damages according to proof at time of trial in the sum of not less than $172,771,362 plus interest from February 28, 2022 at the legal rate;

2. As to the Second Cause of Action against Defendant Christina Baer, as Personal Representative of the Baer Estate and as trustee for the Baer Trust, for compensatory damages according to proof at time of trial in the sum of not less than $102,730,155 plus interest from February 28, 2022 at the legal rate;

3. For interest at the highest rate permissible by law;

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. Such other and further relief as the Court may deem just and proper.

DATED: March 16, 2022	RAINES FELDMAN LLP

By: /s/ Kathy Bazoian Phelps
Kathy Bazoian Phelps
David Castleman
Counsel for Bradley D. Sharp,
Permanent Receiver